IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 4:05CR3049 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| PAUL M. LANZENDORF, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the presentence investigation report and addendum in this case, the defendant's objection (filing 40) and the government's objection (filing 39).

IT IS ORDERED that:

(1)     The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)     The objection of the defendant (filing 40 (incorporating an objection in the addendum, see pages 22 and 23 of PSR)) and the objection of the government

1

(filing 39) as to drug quantity is sustained.  The most readily provable drug quantity (between 5 and 15 kilos) places the defendant at a base offense level of 36.[1]

(3)     The government's objection (filing 39) that the defendant is a career offender and that his adjusted offense level should be 37 is sustained.

(4)     The defendant's remaining objection (filing 40 (incorporating an objection in the addendum, see pages 23-24 of PSR)) regarding a statement in the prosecution version of the offense is denied.

(5)     The parties are herewith notified that my tentative findings are that the presentence report is otherwise sustained.

(6)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(7)     Absent submission of the information required by paragraph 6 of this order, my tentative findings may become final.

---

[1]The government has given a reasoned explanation for its belief that the most readily provable drug quantity is less than that stated in the PSR.  Having given such a reasoned explanation, I defer to the government's judgment about what it could prove.  See, e.g., United States v. Coney, 390 F. Supp.2d 844, 850-51 (D. Neb. 2005) (setting forth principles to determine when under the advisory Guidelines the court should and should not accept a Rule ll(c)(1)(C) plea agreement that conflicts with the facts found in PSR).

(8)     Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

January 6, 2006.                         BY THE COURT:

                                         s/ *Richard G. Kopf*
                                         United States District Judge

3